TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LYNDSI ALLSOP (Cal. Bar No. 323485)
Assistant United States Attorney
Deputy Chief, Major Crimes Section
MATTHEW J. TAKO (Cal. Bar No. 307013)
Transnational Organized Crime Section
ERIC L. MACKIE (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
    1300/1200/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3165/0705/3289
    Facsimile: (213) 894-3713/0141
    E-mail:   Lyndsi.Allsop@usdoj.gov
            Matthew.Tako@usdoj.gov
            Eric.Mackie@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:25-00434(B)-JLS-16 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT EDMON GAMAZYAN |
| v. | |
| EDMON GAMAZYAN, | |
| Defendant. | |

1.    This constitutes the plea agreement between EDMON GAMAZYAN ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count sixty[1] of the second superseding indictment in <u>United States v. Edmon Gamazyan</u>, CR No. 2:25-00434(B)-JLS-16, which charges defendant with fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546(a).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.    Defendant further agrees:

a.    To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived

---

[1] Though the header reads "sixty," this count is, in fact, the sixty-third count listed in the second superseding indictment.

from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty (collectively, the "Forfeitable Assets").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.    Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

3

h.    To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

i.    That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

<u>THE USAO'S OBLIGATIONS</u>

4.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the second superseding indictment as against defendant.  Defendant agrees, however, that at the time of sentencing, the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.  Defendant further agrees that he may be treated as if he had been convicted of the dismissed charges for purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual basis below would be sufficient to satisfy all elements of each charge.  Defendant waives the right to challenge the sufficiency of the factual basis as to any element of any dismissed charge.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to

4

U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 9 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.  The parties also agree that the government may respond to a request by defendant for a sentence below the government's recommendation.

<u>NATURE OF THE OFFENSE</u>

5.    Defendant understands that for defendant to be guilty of the crime charged in count sixty, that is, fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546(a), the following must be true: (1) defendant made *or* subscribed as true a false statement; (2) defendant acted with knowledge that the statement was untrue; (3) the statement was material to the activities or decisions of the U.S. Citizenship and Immigration Services ("USCIS"); that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities; (4) the statement was made under oath *or* penalty of perjury; and (5) the statement was made on an application, affidavit, *or* other document required by immigration laws or regulations.

6.    Defendant also understands that for defendant to be guilty of the crime charged in count sixty, that is, fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546(a), the following must be true: (1) defendant knowingly uttered, used, attempted to use, possessed, obtained, accepted, *or* received an immigrant visa, permit, border crossing card, alien registration receipt card, *or* other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States; and (2) defendant knew the document to be forged, counterfeited, altered, *or* falsely made, to have been procured by means of any false claim or statement, *or* otherwise procured by fraud *or* unlawfully obtained.

7.    Defendant understands that for defendant to be guilty of the crime charged in count sixty, that is, fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546(a), under a theory of aiding and abetting, in violation of 18 U.S.C. § 2(a), the following must be true: (1) someone else committed fraud and misuse of visas, permits, and other documents; (2) defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of fraud and misuse of visas, permits, and other documents; (3) defendant acted with the intent to facilitate fraud and misuse of visas, permits, and other documents; and (4) defendant acted before the crime was completed.

8.    Defendant also understands that for defendant to be guilty of the crime charged in count sixty, that is, fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546(a), under a theory of aiding and abetting, in violation of 18 U.S.C. § 2(b), the following must be true: (1) someone else committed

6

act(s) constituting crime(s); (2) defendant willfully caused an act to be done that if directly performed by him, would be an offense against the United States; (3) defendant put in motion or caused the commission of an indispensable element of the offense.

PENALTIES

9.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1546(a), is: 10 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences,

including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

12.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

13.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Starting in or around May 2018, and continuing through the present, in Los Angeles County, within the Central District of

8

California, and elsewhere, defendant and his co-conspirators, each aiding and abetting the others, knowingly uttered, used, possessed, obtained, accepted, and received, and willfully caused to be uttered, used, possessed, obtained, accepted, and received, a document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, that is, a Conditional Permanent Resident Card in the name of "Anna Ghazaryan," for a foreign national and alien in the United States, namely, Anna Ghazaryan ("Ghazaryan"), for her to obtain lawful status in the United States knowing the document to be falsely made, to have been procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained.

More specifically, to procure a favorable adjustment of Ghazaryan's immigration status, that is, to obtain her Conditional Permanent Resident Card, defendant, a naturalized United States citizen, entered into a sham marriage with Ghazaryan, a citizen and national of Armenia, on or about August 6, 2019.  This sham marriage continues to present day.  To ensure that the sham marriage was not exposed, which would risk Ghazaryan's immigration status and ability to lawfully remain in the United States, (1) defendant participated in a staged proposal and staged wedding ceremony with Ghazaryan; (2) defendant and Ghazaryan maintained the appearance of a genuine marital relationship by, for example, opening a joint bank account; and (3) defendant caused documentation to be filed with USCIS to demonstrate the validity of the sham engagement and marriage, knowing that the information therein was false, that is, the statements attesting to the validity of his engagement and marriage to Ghazaryan

were untrue.  The documentation that defendant submitted to USCIS included:

- Defendant causing an official statement to be filed with USCIS declaring his intent to marry Ghazaryan on or about August 6, 2018;

- Defendant causing an application to be submitted to USCIS for a K1 Non-Immigrant Visa (non-immigrant fiancé(e) visa, USCIS Form I-129F) for Ghazaryan on or about August 6, 2018;

- Defendant causing an Affidavit of Support (USCIS Form I-134) for Ghazaryan to be filed with USCIS on or about May 20, 2019; and

- Defendant causing a Petition for Alien Relative (USCIS Form I-130) for Ghazaryan to be filed with USCIS to adjust her status from a K1 Non-Immigration Visa for Fiancé(e) to that of a Conditional Resident on or about September 26, 2019.

In causing the above-referenced documents to be filed with USCIS, defendant made and subscribed as true false statements, including, identification of Ghazaryan as his true fiancée and wife; defendant acted with knowledge that the statements were untrue; the statements were material to the activities or decisions of USCIS, that is, they had a natural tendency to influence, and were capable of influencing, USCIS' decisions and activities of providing Ghazaryan with a Conditional Permanent Resident Card; (4) the statements were made under oath and penalty of perjury; and (5) the statements were made on an application, affidavit, and other document required by immigration laws or regulations.

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence, the Court is required to calculate the applicable

10

Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

15.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:            11          U.S.S.G. § 2L2.1(a)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

18.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

11

c.   The right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

19.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty, defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 9 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court, the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d), and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of

facts provided herein is insufficient to support defendant's plea of guilty.

22.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 9 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

23.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable.  Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement.  Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

14

RESULT OF WITHDRAWAL OF GUILTY PLEA

24.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

25.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

26.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

15

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

28.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

29.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing

recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

17

<u>NO ADDITIONAL AGREEMENTS</u>

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

33.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

_____          1/29/26
LYNDSI ALLSOP                             Date
MATTHEW J. TAKO
ERIC L. MACKIE
Assistant United States Attorneys

_____          1/28/26
EDMON GAMAZYAN                            Date
Defendant

_____          1/28/26
HOWARD J. SHNEIDER                        Date
Deputy Federal Public Defender
Attorney for Defendant EDMON
GAMAZYAN

18

## CERTIFICATION OF DEFENDANT

This agreement has been read to me in Armenian, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        1/28/26
EDMON GAMAZYAN                          Date
Defendant


## CERTIFICATION OF INTERPRETER

I, __Ani Amiryan_____, am fluent in the written and spoken English and Armenian languages.  I accurately translated this entire agreement from English into Armenian to defendant EDMON GAMAZYAN on this date.

_____        1/28/26
INTERPRETER                             Date

19

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am EDMON GAMAZYAN's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          1/28/26
HOWARD J. SHNEIDER                       _____
Deputy Federal Public Defender           Date
Attorney for Defendant EDMON
GAMAZYAN